EVERSHEDS SUTHERLAND (US) LLP
Ian S. Shelton (Bar No. 264863)
(ianshelton@eversheds-sutherland.com)
500 Capitol Mall, Suite 2350
Sacramento, California 95814
Telephone:   (916) 844-2965
Facsimile:    (916) 241-0501

EVERSHEDS SUTHERLAND (US) LLP
David A. Baay (admitted *pro hac vice*)
(davidbaay@eversheds-sutherland.com)
1001 Fannin, Suite 3700
Houston, Texas 77002
Telephone:   (713) 470-6100
Facsimile:    (713) 654-1301

Attorneys for Plaintiff Crystal McKellar

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

| | |
|---|---|
| CRYSTAL SCRIPPS MCKELLAR,<br><br>    Plaintiff,<br><br>    vs.<br><br>MITHRIL CAPITAL MANAGEMENT LLC, MITHRIL GP EMPLOYEE FEEDER LLC, and AJAY ROYAN,<br><br>    Defendants. | CASE NO. 3:19-cv-07314-CRB<br><br>Hon. Charles R. Breyer<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION FOR EVIDENTIARY HEARING AND ORAL ARGUMENT AT MARCH 20, 2020 HEARING, OR ALTERNATIVELY FOR REFERRAL TO MAGISTRATE JUDGE TO CONDUCT EVIDENTIARY HEARING, AND FOR LEAVE TO FILE SUPPLEMENTAL EVIDENTIARY BRIEFS IF THE MAGISTRATE JUDGE COMPELS DISCOVERY**<br><br>**CIVIL L.R. 7-6 & 72-1** |

**INTRODUCTION**

The Court has scheduled a March 20, 2020 hearing on Plaintiff Crystal McKellar's motion for preliminary injunction ("PI Motion") (Dkt. 21) and Defendants' motion to compel arbitration and dismiss or stay proceedings ("Arbitration Motion") (Dkt. 23).  Dkt. 50.  Pursuant to Local Rule 7-6, McKellar requests an evidentiary hearing and oral argument on the two motions, both of which raise a simple but disputed issue of fact concerning the applicability of California Labor Code § 925.  Section 925 is the basis of McKellar's motion to enjoin Defendants' continued prosecution of pretextual lawsuits against McKellar in Texas and Delaware.  Dkt. 21.  The statute prohibits non-California choice of law and choice of forum provisions in certain employment contracts and mandates a California venue for both litigations and arbitrations.  Cal. Lab. Code § 925.  When resisting discovery, Defendants recently admitted that "only one" aspect of Section 925 is a "contested fact issue"—"whether Ms. McKellar was an employee after February 11, 2019."  Dkt. 54 at 5.[1]  The Court should decide that discrete issue in an evidentiary hearing and not allow Defendants to resist discovery while hiding behind conclusory and contradictory declarations claiming that McKellar was not an employee during this time period.  Defendant's position is contrary to the evidentiary record presently before the Court and will be refuted in an evidentiary hearing, if permitted.

Alternatively, pursuant to Local Rule 72-1 and 28 U.S.C. § 636(b)(1)(B), McKellar requests that the Court designate Magistrate Judge Laurel Beeler to conduct the evidentiary hearing and submit a report and recommendation.  On January 31, 2020, the Court referred the case for all discovery purposes to Judge Beeler.  Dkts. 41, 42.  On February 19, the parties filed a joint discovery letter brief to Judge Beeler, in which McKellar seeks to compel two depositions and written discovery tailored to Section 925.  Dkt. 54.  Judge Beeler has scheduled an in-person hearing on that discovery dispute for February 27.  Dkt. 55.  Consequently, Judge Beeler will be familiar with the factual issues raised by Section 925 and will be well-prepared to conduct an evidentiary hearing concerning the same subject matter.

Finally, in the event Judge Beeler compels some or all of the discovery sought in the joint

---

[1] Pincites refer to the ECF-generated page numbers at the top of the documents.

-1-
ADMINISTRATIVE MOTION FOR EVIDENTIARY HEARING AND FOR LEAVE TO FILE SUPPLEMENTAL EVIDENTIARY BRIEFS

1  discovery letter brief (Dkt. 54), and regardless of whether the Court grants an evidentiary hearing,
2  McKellar requests leave to file a supplemental evidentiary brief either before or concurrently with
3  the hearing on the two motions.  McKellar proposes that the parties simultaneously file briefs
4  limited to five pages and only addressing new evidence relevant to Section 925.

## ARGUMENT

### I. THE COURT SHOULD GRANT AN EVIDENTIARY HEARING AND ORAL ARGUMENT AT THE MARCH 20, 2020 HEARING

McKellar requests that the Court exercise its discretion to grant an evidentiary hearing and oral argument on the PI Motion and Arbitration Motion.  Courts in this district and the Ninth Circuit regularly hold evidentiary hearings before issuing preliminary injunctions.[2]  Indeed, the California court that granted the preliminary injunction identical to the one sought by McKellar in this case conducted an evidentiary hearing.  *See Lyon v. Neustar, Inc.*, No. 219CV00371KJMKJN, 2019 WL 1978802, at *1, *6 (E.D. Cal. May 3, 2019) ("preliminarily enjoining defendant Neustar from further pursuing litigation or arbitration against Lyon outside of California based on alleged violations of the employment and termination agreements" under Section 925 and noting that "*at the preliminary injunction hearing, Lyon testified credibly*" that he was not in fact individually represented by legal counsel) (emphasis added).

When resisting discovery in this matter, Defendants recently admitted that the only contested fact related to Section 925 is whether McKellar was a Mithril employee between her

---

[2]  *See 640 Octavia, LLC v. Pieper*, No. C 18-01047 WHA, 2018 WL 4468495, at *2 (N.D. Cal. Sept. 18, 2018) ("This [preliminary injunction] order follows full briefing, an evidentiary hearing on July 16, and oral argument."); *Aircraft Serv. Int'l, Inc. v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. Lodge 160,* No. 3:17-0167-HRH, 2017 WL 11140352, at *1 (D. Alaska Aug. 22, 2017) ("An evidentiary hearing [on the motion for preliminary injunction] was held and oral argument was heard on August 18, 2017."); *Denny's, Inc. v. Kennedy Restaurants, L.L.C.*, No. CV-09-0741-PHX-SRB, 2009 WL 10673493, at *3 (D. Ariz. Sept. 15, 2009) ("[T]he Court held an evidentiary hearing on Plaintiffs' Motion for Preliminary Injunction and took the matter under advisement"); *Shell Offshore Inc. v. Greenpeace, Inc*., No. 3:12-CV-00042-SLG, 2013 WL 12096527, at *1 (D. Alaska Aug. 1, 2013) ("An evidentiary hearing on the preliminary injunction motion was held on March 19, 2012."); *S. Fork Band Council of W. Shoshone of Nev. v. U.S. Dep't of the Interior*, No. 308-CV-00616-LRH-RAM, 2009 WL 73257, at *3 (D. Nev. Jan. 7, 2009) ("[B]ecause as a part of its preliminary injunction analysis the court will have to consider the likelihood of Plaintiffs' success on the merits of the RFRA claim, an evidentiary hearing is appropriate").

unlawful reclassification on February 11, 2019 and her retaliatory termination on July 17, 2019.[3] McKellar's employee status during that discrete time period is the type of "simple" issue that is appropriate for an evidentiary hearing.[4] *See United States v. State of Oregon,* 913 F.2d 576, 582 (9th Cir. 1990) ("We have recognized that if the facts are simple and little time would be taken, a court may be required to hold an evidentiary hearing on a motion for an injunction.")

McKellar seeks leave to present live testimony from McKellar, Royan, and Kingsbury at the evidentiary hearing. Dkt. 54 at 1, 3. Royan and Kingsbury both submitted declarations addressing Section 925 and opposing McKellar's PI Motion.[5] Dkts. 24-4, 44-5, 47-5, and 53-3. Defendants improperly filed Kingsbury's declaration a week after briefing was complete, denying McKellar the opportunity to respond to his factual assertions in her Reply. Dkt. 53-3; L.R. 7-

---

[3] *See* Dkt. 54 at 5 (Defendants' portion of joint discovery letter brief: "Nor has Ms. McKellar shown any reasonable need for more evidence. Notably, of her five 'categories,' [of evidence relevant to Section 925] only one—whether Ms. McKellar was an employee after February 11, 2019—is actually a contested fact issue. Defendants do not dispute that Ms. McKellar lived and worked in California or that the relevant agreements were entered into after January 1, 2017. Further, Defendants have not sought to prove that Ms. McKellar was represented by counsel; Defendants instead argue that Ms. McKellar's written stipulation to that fact estops her from denying it now.")

[4] In her PI Motion, McKellar argues that her employee status after February 11, 2019 is irrelevant under Section 925 because she indisputably was an employee at the time she signed the Separation Agreement, the Consulting Agreement, and the 2019 Admission Letter to the LLC Agreement, all of which modified the conditions of her employment. *See* Dkt. 21 at 16-17 (McKellar's PI Motion arguing that "Mithril's purported reclassification of McKellar as an independent contractor after the execution of those contracts is irrelevant"); Dkt. 44-5 ¶ 4 (Royan declaration admitting that McKellar was an employee through February 11, 2019); *Lyon*, 2019 WL 1978802, at *6 (granting preliminary injunction under Section 925 "because that [employment] agreement was modified by the *separation agreement* after January 1, 2017," which "makes the amended forum-selection clause a condition of employment") (emphasis added). Similar to the situation in *Lyon*, McKellar's Separation and Consulting Agreements substituted the California choice of law and choice of forum provisions in her June 26, 2012 offer letter with Texas provisions. *See* Dkts. 22-22-5 (Employment Offer Letter); 22-7 (Separation Agreement); 22-8 (Consulting Agreement). However, if the Court does find that McKellar's employee status after February 11, 2019 is relevant to Section 925, McKellar contends that she remained an employee through her retaliatory termination because she performed the same non-legal job functions before and after her reclassification. Dkt. 21 at 17-21; Dkt. 21-1 (McKellar Decl.) ¶¶ 45-70.

[5] McKellar can issue subpoenas to compel Royan's and Kingsbury's attendance at an evidentiary hearing because both regularly transact business in the Northern District of California. Fed. R. Civ. P. 45(c); *Garlough v. Trader Joe's Co.*, No. 15-CV-01278-TEH, 2015 WL 4638340, at *5 (N.D. Cal. Aug. 4, 2015). If Royan and Kingsbury do not appear voluntarily at the hearing or successfully move to quash the subpoenas, however, McKellar can present their videotaped deposition testimony as evidence. Fed. R. Civ. P. 32; *Saget v. Trump*, 351 F. Supp. 3d 251, 253–56 (E.D.N.Y. 2019). At a minimum, McKellar seeks to testify in person at an evidentiary hearing and present videotaped deposition testimony from Royan and Kingsbury if Judge Beeler compels those depositions to proceed.

3(d)(1). Live testimony will be helpful to the Court in light of the disputed factual issue of McKellar's employee status after February 11, 2019, the inconsistencies in Defendants' four declarations, and contradictions between Defendants' declarations and the evidentiary record that already exists. *Compare* Dkt. 24-4 ¶ 6 (Royan initially claiming that "[a]fter February 11, 2019, Ms. McKellar did practically no work for and provided minimal advisory services to Mithril Capital.") *with* Dkt. 44-5 ¶ 14 (Royan later admitting that "[i]n the weeks after her termination on February 11, 2019, Ms. McKellar performed some transitional off-boarding work for Mithril Capital. The work performed was legal and administrative in nature . . . .") *and* Dkt. 53-3 ¶¶ 3 & 6 (Kingsbury stating "I asked Ms. McKellar to perform certain transition and advisory tasks during those weeks at the direction of Mr. Royan" and "[w]e exchanged approximately 70 total e-mails during that timeframe").

While Royan's initial declaration claimed McKellar was a contractor because she performed "practically no work," Kingsbury's declaration filed a week *after* McKellar's preliminary injunction Reply admits that McKellar exchanged 70 emails *with Kingsbury alone*. *Compare* Dkt. 24-4 ¶ 6 *with* Dkt. 53-3 ¶ 6. McKellar has sought to compel discovery, including production of all of McKellar's work-related emails, calendar entries, and other communications during this time period, to confirm that she was an employee engaged in the same non-legal job functions before and after February 11, 2019. Dkt. 54 at 3; Dkt. 54-1 at 4. She has also sought deposition testimony from Royan and Kingsbury concerning her work during this time period. Dkt. 54 at 1, 3; Dkt. 54-1 at 1. If the Court believes that McKellar's employee status after February 11, 2019 is relevant to Section 925, then an evidentiary hearing is appropriate.

## II.   ALTERNATIVELY, THE COURT SHOULD DESIGNATE MAGISTRAGE JUDGE BEELER TO CONDUCT THE EVIDENTIARY HEARING

As an alternative to this Court holding an evidentiary hearing, the Court could refer the evidentiary hearing to Judge Beeler. Pursuant to Local Rule 72-1, each Magistrate Judge is "authorized to exercise all powers and perform all duties conferred upon Magistrate Judges by 28 U.S.C. § 636." Section 636(b)(1)(B), in turn, provides that "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of

the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)," which includes "a motion for injunctive relief" or a motion "to involuntarily dismiss an action." Because Judge Beeler will soon adjudicate the parties' discovery dispute regarding Section 925, she will be well-prepared to conduct an evidentiary hearing. *See Denbicare Inc. v. Toys "R" Us Inc.*, No. C 87 5746 TEH, 1988 WL 1091937, at *1–2 (N.D. Cal. Jan. 13, 1988) ("Second, there are factual disputes relevant to the disposition of the preliminary injunction issue, which can best be resolved by an evidentiary hearing before a magistrate."). McKellar defers to the Court as to whether referral is appropriate in light of the respective dockets and schedules of this Court and Judge Beeler.

### III. THE COURT SHOULD GRANT LEAVE TO FILE SUPPLEMENTAL EVIDENTIARY BRIEFS IF JUDGE BEELER COMPELS DISCOVERY

Regardless of whether the Court grants an evidentiary hearing, McKellar requests leave to file a short supplemental evidentiary brief either before or concurrently with the hearing on the PI Motion and Arbitration Motion if Judge Beeler compels additional discovery. *See, e.g., Kenneally v. Lungren*, 967 F.2d 329, 334–35 (9th Cir. 1992) (evidentiary hearing unnecessary because the district court ordered the parties to take seven depositions and considered "765 pages of witness testimony and 83 separate exhibits"); *see also ADT Sec. Servs., Inc. v. Sec. One Int'l, Inc.*, No. 11-CV-05149 YGR, 2013 WL 60957, at *1 n.1 (N.D. Cal. Jan. 3, 2013) ("At the hearing ADT called one witness and Security One called three witnesses. Prior to the hearing the parties provided excerpts of deposition transcripts of twelve additional witnesses and a declaration of another witness. The Court reviewed this testimony prior to the evidentiary hearing."). To avoid burdening the Court, McKellar proposes that the parties simultaneously file briefs limited to five pages and only addressing new evidence relevant to Section 925.

### CONCLUSION

McKellar requests that the Court grant an evidentiary hearing and oral argument at the March 20, 2020 hearing or alternatively designate the magistrate judge to conduct the evidentiary hearing, and grant leave to file supplemental evidentiary briefs if Judge Beeler compels discovery.

-5-
ADMINISTRATIVE MOTION FOR EVIDENTIARY HEARING AND FOR LEAVE TO FILE SUPPLEMENTAL EVIDENTIARY BRIEFS

| | | |
|---|---|---|
| DATED: | February 21, 2020 | EVERSHEDS SUTHERLAND (US) LLP |

By */s/ Ian S. Shelton*
Ian S. Shelton

Attorneys for Plaintiff Crystal McKellar