Mark C. Holscher (SBN 139582)
mark.holscher@kirkland.com
Michael Shipley (SBN 233674)
michael.shipley@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, California 90071
Telephone:   (213) 680-8400
Facsimile:   (213) 680-8500

Rebekah Sills McEntire (*pro hac vice*)
rebekah.mcentire@kirkland.com
KIRKLAND & ELLIS LLP
609 Main Street, Suite 4600
Houston, Texas 77002
Telephone:   (713) 836-3600
Facsimile:   (713) 836-3601

*Attorneys for Defendants
Mithril Capital Management LLC,
Mithril GP Employee Feeder LLC, and
Ajay Royan*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CRYSTAL SCRIPPS MCKELLAR,<br><br>          Plaintiff,<br><br>     v.<br><br>MITHRIL CAPITAL MANAGEMENT LLC, MITHRIL GP EMPLOYEE FEEDER LLC, and AJAY ROYAN,<br><br>          Defendants. | CASE NO. 3:19-CV-07314-CRB (LB)<br><br>**DEFENDANTS MITHRIL CAPITAL MANAGEMENT LLC, MITHRIL GP EMPLOYEE FEEDER LLC, AND AJAY ROYAN'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR EVIDENTIARY HEARING AND ORAL ARGUMENT AT MARCH 20, 2020 HEARING, OR ALTERNATIVELY FOR REFERRAL TO MAGISTRATE JUDGE TO CONDUCT EVIDENTIARY HEARING, AND FOR LEAVE TO FILE SUPPLEMENTAL EVIDENTIARY BRIEFS IF THE MAGISTRATE JUDGE COMPELS DISCOVERY** |

This Court's Local Rules require that factual contentions made in connection with any motion "must be supported by an affidavit or declaration and by appropriate references to the record." N.D. Cal. L. Civ. R. 7-5. Although the Local Rules include an exception affording the Court discretion to permit oral examination of witnesses, there is no reason for the Court to do so here. *See id.* R. 7-6.

Among other reasons to deny Plaintiff's administrative motion: (1) this case does not meet the extraordinarily high standard to take oral testimony in connection with a motion to compel arbitration; (2) myriad factual and legal issues based on undisputed facts preclude the injunction sought by Plaintiff without any need to reach the factual dispute she raises; (3) the evidentiary "disputes" raised by Plaintiff are more semantic quibbles than real disputes about material facts.

### I. THE COURT SHOULD DECIDE THE MOTIONS ON THE PAPERS.

#### A. The Court Should Not Indulge Plaintiff's Efforts to Multiply the Proceedings by Permitting Live Testimony at the Hearing on the Motions.

The claims in this case fall into two buckets. First, there are work-related contractual disputes and claims of retaliation (the "Arbitrable Claims"). The parties agreed such claims would be resolved by arbitration. Second, there is a corporate law dispute over the interpretation of Defendant Mithril Feeder's Delaware law LLC Agreement (the "Corporate Claims"). The Corporate Claims are not arbitrable. They are, however, the subject of a first-filed litigation pending in Delaware. The Court does not need to hold a hearing, much less an evidentiary hearing, to compel the first set of claims to arbitration or to deny Plaintiff's motion to enjoin the Delaware litigation.

As to the Arbitrable Claims, the FAA specifically "calls for a summary and speedy disposition of motions or petitions to enforce arbitration clauses." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 29 (1983). Although Ms. McKellar's brief completely ignores the standard, Ninth Circuit law could not be clearer that "[t]he FAA provides for discovery and a full trial in connection with a motion to compel arbitration *only* if 'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue.'" *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) (emphasis added, quoting 9 U.S.C. § 4). Plaintiff does not contest the existence of the agreement to arbitrate. Nor does her motion claim factual disputes over its enforceability. There is thus no basis at all for the Court to conduct an evidentiary hearing in connection with the Arbitrable Claims.

On the other hand, the factual "dispute" that Ms. McKellar contends requires oral testimony—whether she was an employee of Mithril Capital after February 11, 2019—is at best minimally germane to the Corporate Claims. The Court readily can and should dispose of these claims and deny an injunction on any number of issues where the evidence is completely undisputed. First and foremost, she has never explained why this is the kind of "most unusual case[ ]" where she is entitled to the extraordinary remedy of having this Court enjoin litigation pending before another federal court. *Bergh v. State of Wash.*, 535 F.2d 505, 507 (9th Cir. 1976); *Del Mar Avionics v. Quinton Instruments Co.*, 645 F.2d 832, 836 (9th Cir. 1981). Plaintiff has a perfectly adequate remedy short of an injunction—she can move to stay in the Delaware case, where she is free to argue that the California Labor Code § 925 ("§ 925") merits a stay. Indeed, she has already so moved. Her motion is fully briefed and a decision is pending. That alone is adequate grounds to deny her proposed injunction.

Second, Plaintiff's arguments are all premised on the application of § 925, which applies only to a choice of law or forum provision entered into as "a condition of employment." But the choice of law and forum provisions at issue in the Corporate Claims are set out in a limited liability agreement of a Delaware Registered LLC of which Ms. McKellar was a ***member***, not an employee or independent contractor. Her employment with Mithril Capital was not conditioned on membership in the LLC. And the law governing the internal affairs of that entity—the subject of the Corporate Claims—is not and cannot be a condition of Ms. McKellar's employment.

Finally, even were Ms. McKellar's status as an employee relevant to the resolution of her preliminary injunction motion, there remains no need to conduct an evidentiary hearing. Ninth Circuit courts do not "indulge a presumption in favor of evidentiary hearings" on preliminary injunction motions. *Kenneally v. Lungren*, 967 F.2d 329, 334 (9th Cir. 1992). Indeed, "the refusal to hear oral testimony at a preliminary injunction hearing is not an abuse of discretion if the parties have a full opportunity to submit written testimony and to argue the matter." *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1326 (9th Cir. 1994). So long as the parties are "afforded a sufficient opportunity to present their case without using oral testimony," an evidentiary hearing is not required. *S.F.-Oakland Newspaper Guild v. Kennedy ex rel N.L.R.B*, 412 F.2d 541, 546 (9th Cir. 1969). That is particularly the case when,

like here, the injunction motion turns on a jurisdictional inquiry, as opposed to the underlying merits of the case. *See Kenneally*, 967 F.2d at 335 (affirming district court's refusal to consider oral testimony on application of *Younger* abstention in connection with preliminary injunction hearing).

It could hardly be said that Ms. McKellar has been denied a "full opportunity to submit written testimony and to argue the matter" of her employment status. *See Stanley*, 13 F.3d at 1326. She filed two briefs and a ninety-seven-paragraph declaration with her motion to stay in the first-filed Delaware court—the court that should actually decide the issue. And then in this Court she has filed: (1) three separate briefs addressing the issue across two motions, *see* ECF Nos. 21, 43, 46; (2) a ninety-seven-paragraph declaration with twenty-two exhibits, *see* ECF No. 21-1; and (3) a 363-paragraph verified amended complaint, ECF No. 40, thirty paragraphs of which she has specifically requested that the Court treat as her sworn testimony on the issue of her employee status. *See* ECF No. 46 at 1.

Given all this evidence, whatever "contradictions" Plaintiff complains of in Defendants' declarations—which have largely been manufactured by taking misleading snippets of testimony out of context[1]—do not justify oral testimony from the declarants.[2] Indeed, Defendants declarations are entirely consistent in that Ms. McKellar was not an employee of Mithril Capital after February 11, 2019. On that date, Ms. McKellar—a Harvard trained lawyer with fifteen years' experience—signed a Separation Agreement and General Release that stated "[y]ou have tendered and the Company has accepted your resignation with the termination of your employment with the Company effective February 11, 2019." ECF No. 21-8. She later asked Mithril Capital's benefits department—when it was to her benefit—to "confirm I am no longer a Mithril employee." ECF No. 45-15. That, over about five weeks following her resignation, she did a minor amount of work related to transitioning her duties to others, and then, from mid-March to July, did no work at all, does not change that essential fact.

---

[1] To illustrate the generally misleading manner in which Ms. McKellar cites to evidence, her motion quotes Mr. Kingsbury's declaration as stating "[w]e exchanged approximately 70 total e-mails during that timeframe." Mot. at 4. Of course, the very next sentences of that declaration explain that "[r]oughly 50 of those e-mails were related to Ms. McKellar's transition and advisory work. The remainder were related to Ms. McKellar's personal property, her personal investment opportunities, her COBRA premium reimbursements, and notices of Ms. McKellar's various board resignations." ECF No. 53-3 ¶ 6. Yet, Ms. McKellar insinuates that *all* seventy emails are proof of the substance of her work.

[2] Most curiously, Plaintiff objects to Mr. Royan's declaration for lack of personal knowledge because he was not "personally involved in [her] day to day work activities." ECF No. 46 at 1 n.1. Conversely, she demands that he testify at an evidentiary hearing. Mot. at 3.

Accounting for the details stated in the declarations, whether that brief period of transitional work is described as doing "practically no work for and provid[ing] minimal advisory services to Mithril Capital," ECF Nos. 23-4 ¶ 6; 44-5 ¶ 13, or "certain transition and advisory tasks" further described as "minimal transition and advisory services," ECF No. 53-3 ¶ 3, is not in tension in any meaningful way. Nor is the fact that between February 11 and March 20, Ms. McKellar sent or received about fifty emails to or from Mr. Kingsbury related to her transitional work—less than two per day—significant in any way that *helps* her argument. *See Id.* ¶ 6. None of this merits further burdening the resources of parties who, in significant part, agreed to resolve any disputes out of court, with additional hearings.

### B. The Court Should Not Compound the Inefficiency by Referring an Evidentiary Hearing to the Magistrate Judge.

Plaintiff also suggests that the Court can refer this matter to the magistrate judge to conduct an evidentiary hearing. That would only further compound the proceedings in this case. A magistrate judge is not permitted to "hear and determine" a preliminary injunction motion under 28 U.S.C. § 636(b)(1)(A). *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1100 (9th Cir. 2016) (preliminary injunction motions "invoke important Article III powers, so much so that magistrate judges may not even rule upon them" (quotations and citations omitted)); *Quatama Park Townhomes Owners Ass'n v. RBC Real Estate Fin., Inc.*, 365 F. Supp. 3d 1129, 1132 (D. Or. 2019). At most, a magistrate judge could be designated to conduct an evidentiary hearing and issue a report and recommendation. 28 U.S.C. § 636(b)(1)(B). That report is subject to de novo review. *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The upshot of which is that any ruling the magistrate judge makes will be subject to objections under Rule 72(b)(2) and Local Civil Rule 72-3. It is hard to surmise that a party litigious enough to file a motion to stay a proceeding in one court while simultaneously asking this Court's to enjoin that litigation would ever forbear a right to appeal. Which means at least three more briefs, and likely another demand for more evidence and yet another hearing. *See* N.D. Cal. L. Civ. R. 72-3(a), (b).

At that point, the parties will have filed six merits briefs, two administrative motions, a joint discovery brief, potentially two supplemental briefs addressed to discovery, and attended at least two hearings. Adding another layer of review just further compounds Plaintiff's effort to delay this case and prevent it from proceeding to the arbitration she agreed to under the agreement that she does not dispute

exists. To the extent it has not done so already, all of this additional litigation activity "would interfere with the purpose of arbitration: the speedy resolution of grievances without the time and expense of court proceedings." *Millmen Local 550, United Bhd. of Carpenters & Joiners of Am., AFL-CIO v. Wells Exterior Trim*, 828 F.2d 1373, 1375 (9th Cir. 1987).

### C.  There Is No Need for Yet More Briefing.

Plaintiff further requests that, if additional discovery is ordered, the Court permit even more briefing so the parties can address that discovery. As Defendants' opposition to Plaintiff's discovery motion makes clear, there is no need for more discovery in this case. This case has been pending for 110 days. If Ms. McKellar wanted to propose a preliminary injunction process with discovery and briefing that could address that discovery, she was perfectly capable of requesting such a process at an early enough point in this litigation to conduct it in an orderly fashion. Instead, she did not raise this issue until the motions were fully briefed. Then she made an emergency demand for discovery. And now she requests to reform the whole process so that her last minute requests can be accommodated. This kind of gamesmanship is a misuse of judicial resources and puts an unfair burden on Defendants.

Parties agree to arbitrate disputes precisely to avoid the kind of procedural jockeying Plaintiff has engaged in. She appears to believe that by forcing Defendants to engage in all of this unnecessary litigation activity, she can somehow alter the facts on the ground to convince the Court that the case is too far down the line to send to arbitration. That is not fair. Nor is it the law.

*       *       *

Given the parties' undisputed agreement to arbitrate the bulk of the claims in this case, the existence of a first-filed case where the issues raised by Plaintiff can and should be addressed, and the fact that an anti-suit injunction would clearly be inappropriate, there is no reason to permit Plaintiff to further multiply these already unnecessary proceedings by conducting an evidentiary hearing, whether before this Court or the magistrate judge.

DATED:  February 25, 2020                              Respectfully submitted,

KIRKLAND & ELLIS LLP

*/s/ Mark C. Holscher*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mark C. Holscher (SBN 139582)
mark.holscher@kirkland.com
Michael Shipley (SBN 233674)
michael.shipley@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, California 90071
Telephone:     (213) 680-8400
Facsimile:      (213) 680-8500

Rebekah Sills McEntire(*pro hac vice*)
rebekah.mcentire@kirkland.com
KIRKLAND & ELLIS LLP
609 Main Street, Suite 4600
Houston, Texas 77002
Telephone:     (713) 836-3600
Facsimile:      (713) 836-3601

*Attorneys for Defendants*
*Mithril Capital Management LLC,*
*Mithril GP Employee Feeder LLC, and*
*Ajay Royan*