UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CRYSTAL SCRIPPS MCKELLAR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MITHRIL CAPITAL MANAGEMENT LLC, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-07314-CRB (LB)<br><br>**DISCOVERY ORDER**<br><br>Re: ECF No. 54 |

　　The trial judge referred this case to the undersigned to resolve all discovery disputes.[1] The parties dispute whether the plaintiff should have depositions and written discovery to supplement her evidentiary submissions for two pending motions that are fully briefed and set for a hearing before the trial judge on March 20, 2020: the defendants' motion to compel arbitration and the plaintiff's motion for a preliminary injunction to enjoin earlier-filed actions in Texas (filed on October 2, 2019) and Delaware (filed on October 18, 2019).[2] In the other actions, the defendants (Mithril Capital in Texas and Mithril Feeder in Delaware) apparently claimed that the plaintiff — by reporting the defendants' alleged securities fraud to the SEC, the U.S. Attorney's Office in the

---

[1] Order of Referral – ECF No. 41. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Motions – ECF Nos. 21 & 23; Joint Letter Br. – ECF No. 54 at 1–2.

ORDER – No. 19-cv-07314-CRB (LB)

Northern District of California, and the FBI — violated restrictive covenants in her employment contracts.[3] The plaintiff, who is a citizen of California, filed this lawsuit in the Northern District of California on November 7, 2019, charging (among other claims) Dodd-Frank Whistleblower Retaliation, in violation of 15 U.S.C. § 78u-6(h).[4] Venue matters: California Labor Code § 925 prohibits non-California choice-of-law and choice-of-forum provisions in certain employment contracts and mandates a California venue for litigations and arbitrations.[5]

The court held a hearing on February 27, 2020, denies the extensive discovery, and sets forth a process to identify targeted, non-burdensome document discovery about the plaintiff's employment status after February 11, 2020.[6]

The main relevance of the discovery is the plaintiff's employment status from February 11, 2019 to July 17, 2019.[7] She contends that discovery is necessary (in part) because the defendants say (in their supporting declarations to the motions) that she was not employed by Mithril Capital from February 11, 2019 and July 17, 2019, and she maintains that she was.[8] She wants two depositions and substantive responses to requests for admission, interrogatories, and requests for production ("RFPs").[9] The defendants oppose any discovery but said that at most, it should be narrower than the extensive proposed discovery and limited to "written discovery related to [the plaintiff's] status after February 11, 2019."[10]

On this record, the court does not allow the extensive discovery that the plaintiff wants.

First, the court thinks that the parties' disputes of fact are fairly illuminated by the existing filings. The plaintiff, for example, has personal knowledge of what she did. The defendants

---

[3] Joint Letter Br.– ECF No. 54 at 1.

[4] Compl. – ECF No. 1; First Am. Compl. ("FAC") – ECF No. 40.

[5] Joint Letter Br. – ECF No. 54 at 1.

[6] Minute Entry – ECF No. 58.

[7] Joint Letter Br. – ECF No. 54 at 2.

[8] *Id.*

[9] *Id.* at 1.

[10] *Id.* at 5.

1 submitted competing declarations. The court understands that the plaintiff wants the discovery to
2 prove the defendants' declarations wrong by contrasting their declarations to the actual
3 documents. But the record for the motions illuminates the plaintiff's points sufficiently, including
4 the context of the defendants' filing lawsuits in Texas and Delaware, thereby forcing a California-
5 based employee (of a firm headquartered in San Francisco from June 2012 to February 2019) to
6 defend lawsuits in remote forums.[11]

7 Second, the defendants point out that there is no good cause for expedited discovery about the
8 merits of her case because there has been no Rule 26(f) discovery conference and thus no
9 discovery plan.[12] The plaintiff characterizes the parties' January 24, 2020 call as a Rule 26(f)
10 conference and served her discovery requests the next business day.[13] But the telephone call was
11 not a Rule 26(f) conference: it was a call to discuss the defendants' proposal to continue the case-
12 management conference (since continued by the trial judge) and related deadlines until after the
13 trial court decided the arbitration motion.[14] The parties never discussed discovery.[15] It is hard to
14 see how — for motions fully briefed on February 7, 2020, previously set for a hearing on February
15 28, 2020, and moved by the trial judge to March 20, 2020 — there is good cause for voluminous
16 discovery on the time frame that the plaintiff proposes in a letter brief filed on February 19, 2020,
17 a month after the parties filed their respective motions on January 17, 2020.

18 Third, even if there were utility to the discovery and good cause for allowing it, the broad
19 scope of the discovery will derail the motions schedule. The interrogatories ask for detailed
20 descriptions (such as all facts supporting the defendants' contention that the plaintiff was an
21 independent contractor after February 11, 2019).[16] The 34 requests for production ("RFPs") ask

---

[11] Mot. for Prelim. Inj. – ECF No. 21 at 2 (citing McKellar Decl. – ECF No. 21-1 at 4 (¶¶ 26–27), 22–23).

[12] Joint Letter Br. – ECF No. 54 at 4.

[13] *Id.* at 2, 4.

[14] *Id.* at 4.

[15] *Id.*

[16] Joint Ex. – ECF No. 54-1 at 1–2.

1  for extensive productions (and are in the nature of "all documents and communications" regarding
2  every conceivable relevant issue relating to the employment and independent-contractor
3  relationships).[17] This is merits discovery. A related point is that the requests for admissions are not
4  obviously helpful given the parties' different positions on the parties' relationship between
5  February 11, 2019 to July 17, 2019.[18]

6  Third, given the choice-of-forum issue, limited written discovery on a short time frame —
7  such as the defendants' proposal for limited written discovery relating to the plaintiff's
8  employment status after February 11, 2019 — might be fruitful and not burdensome. But the
9  plaintiff proposes no workable compromise, and the extensive requests do not allow the court to
10 craft one.[19] For example, the plaintiff knows what she did. Perhaps by reference to her declarations
11 regarding the pending motions, she can describe specific documents relating to specific work at a
12 specific time. (E.g., I worked with X during the week of Y on issue Z, and this work is captured in
13 documents A, B, and C.) At the hearing, the court also asked the defendants to evaluate whether
14 there is document-based discovery that shows what the plaintiff did after February 11, 2019 and
15 whether there is a non-burdensome way to produce it. The defendants agreed that they would.

16 By suggesting the approach, the court does not hold that the discovery is necessary to deciding
17 the motions. To the contrary, the parties' declarations appear sufficient. That said, if non-
18 burdensome, targeted document discovery will illuminate the scope of the plaintiff's employment
19 after February 11, 2020, the court will allow it if the plaintiff proposes reasonable, targeted
20 discovery. On this record, she has not. The court denies the request without prejudice.

21 **IT IS SO ORDERED.**

22 Dated: February 29, 2020

   LAUREL BEELER
   United States Magistrate Judge

---

[17] *Id.* at 2–4.

[18] *Id.* at 1.

[19] The plaintiff's proposal on February 19, 2020 to allow written discovery by March 4, 2020 and schedule depositions on March 13, 2020 is not a reasonable compromise, give the scope of the discovery and the hearing date for the motions of March 20, 2020. Joint Letter Br. – ECF No. 54 at 3.

United States District Court
Northern District of California